Brenna E. Erlbaum (SBN: 296390)
**HEIT ERLBAUM, LLP**
6320 Canoga Avenue
15th Floor
Woodland Hills, CA 913657
[phone]: (805) 231.9798
Brenna.Erlbaum@HElaw.attorney

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

### San Francisco

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Doe Subscriber assigned IP address 24.4.56.29,<br><br>　　　　　Defendant. | Case Number: 3:15-cv-05386-WHA<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH** |

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, files the instant response to the Doe Subscriber assigned IP address 24.4.56.29's ("Defendant") Motion to Quash [CM/ECF 16].

**I.     INTRODUCTION**

Plaintiff's constitutional right under the Petition Clause to seek redress for the online infringement of its copyrights is at issue. Without the ability to obtain a subscriber's identity in an online infringement case, there is no remedy for online copyright infringement. Granting Defendant's motion to quash would be inconsistent with the Copyright Act, congressional intent, and the nearly universal opinion of federal judges around the country. The Court need not do so, however, because, as explained below, neither of Defendant's arguments to support his requested quashing have merit. Defendant's first argument, that the subpoena subjects

1

Defendant to undue burden, is unavailing. The subpoena was served upon Defendant's Internet Service Provider, not Defendant. As such, the subpoena imposes no burden on Defendant whatsoever and Defendant lacks standing to move to quash on this basis. Defendant's second argument, that he is not the person responsible for infringing Plaintiff's works, has no bearing on a motion to quash. While Defendant's denial is very likely false, even if Defendant is not the infringer, his identity is both relevant and discoverable under the Federal Rules. And identifying Defendant, the subscriber assigned the infringing IP address, is the only possible way to begin to identify the person who used Defendant's internet to pirate Plaintiff's copyrighted movies. For these reasons, as explained more fully below, Defendant's Motion fails to assert a legally cognizable reason to quash the Rule 45 subpoena served on Defendant's Internet Service Provider. Consequently, Plaintiff respectfully requests this Court deny Defendant's Motion.

## II. LEGAL STANDARD

At issue is Defendant's request that the Court quash the Rule 45 subpoena directed at Comcast, Defendant's Internet Service Provider. This request is governed by Rule 45(d)(3) which sets forth six limited situations under which a subpoena may be quashed (or modified): (1) if the subpoena "fails to allow a reasonable time to comply"; (2) if the subpoena requires a non-party to travel more than 100 miles (except for trial within the state); (3) if the subpoena requires disclosure of privileged materials; (4) if the subpoena subjects a person to "undue burden"; (5) if the subpoena requires disclosure of "a trade secret or other confidential research, development, or commercial information"; or (6) if the subpoena requires disclosure of certain expert opinions. *See* Fed. R. Civ. P. 45(d)(3)(A)–(B). The six circumstances enumerated in Rule 45(d)(3) are the **only** permissible circumstances under which a motion to quash may be granted. *See* Fed. R. Civ. P. 45(d)(3)(A)–(B); *Malibu Media, LLC v. John Does*, No. 12-cv-

03170, 2013 WL 1164867, *2 (D. Colo. Mar. 20, 2013) (denying a motion to quash in a similar action under similar circumstances, emphasizing: "no other grounds are listed"); *Malibu Media, LLC v. Doe*, No. 1:15-cv-01834, CM/ECF 19 (S.D.N.Y. July 20, 2015) (same); *Malibu Media, LLC v. Doe*, No. JKB-13-512, 2013 WL 6577039, *1 (D. Md. Dec. 12, 2013) (same); *Malibu Media, LLC v. John Does 1–9*, No. 8:12-cv-00669, CM/ECF 25 (M.D. Fla. July 6, 2012) (same).

### III.  ARGUMENT

#### A.  Defendant Lacks Standing To Assert "Undue Burden" Under Rule 45

Defendant's first argument is that the subpoena will subject to Defendant to "undue burden, annoyance, and/or embarrassment." CM/ECF 16 at p. 14. The basis for this claim appears to be that in 2011 and 2012 a number of third-party copyright holders filed infringement lawsuits not to enforce and protect intellectual property but to force settlements. *See id.* at p. 15–16. Defendant erroneously and baselessly speculates that Plaintiff will similarly do this. He reasons: "Malibu Media's true goal in obtaining the identity of the subscriber is not to litigate the case on the merits, but rather to extract the maximum settlement possible from the Defendant. If the true goal were litigation, Malibu Media's efforts at the outset of a case would be targeted at obtaining evidence to prove their claims instead of obtaining asset searches…." *Id.*

Defense Counsel's remarks are offensive and meritless. If he had concerns, he could and should have addressed them with Plaintiff and undersigned. The truth is that Plaintiff ***never*** extends a settlement offer to a defendant unless and until the defendant is served with a summons and copy of Plaintiff's complaint. Whenever settlements are reached prior to service, it is because the defendant or a defense attorney has contacted Plaintiff to discuss settlement. Defendant notes that Plaintiff has occasionally run asset searches on defendants, but fails to

3

appreciate a primary purpose for doing this is to ascertain and confirm financial hardship. As Plaintiff has made clear in numerous declarations, its sole motivation in filing these types of lawsuits is to deter the pervasive piracy of its works and obtain some reasonable compensation for same; while Plaintiff believes that copyright thieves should be punished as set forth in the Copyright Act, Plaintiff has no interest in financially devastating its defendants. Nor does Plaintiff have any interest in accepting payment from innocent individuals. Indeed, Plaintiff *routinely* voluntarily dismisses lawsuits rather than accept settlements when it obtains information to believe that the defendant offering a settlement is innocent or otherwise experiencing genuine financial hardship. Courts have taken notice. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 14-cv-00259, 2014 WL 1689935, *5 (D. Colo. April 28, 2014) ("the Court has personally observed Plaintiff's willingness to settle and/or dismiss cases without payment of *any damages* where the defendant has come forward with exculpatory evidence"); *Malibu Media, LLC v. Doe*, No. 13-cv-01523, 2013 WL 4510363, *3 (D. Colo. Aug. 26, 2013) (same); *Malibu Media, LLC v. Does*, No. 12-cv-02598, 2013 WL 1777710, *7 n.3 (D. Colo. Feb. 12, 2013) ("the Court has also witnessed firsthand the Plaintiff's willingness to resolve cases without any monetary payment when a Defendant credibly denies infringement").

And Defense Counsel's suggestion that Plaintiff seeks to "extract" settlements rather than litigate is also belied by the reality that Plaintiff actively litigates to the fullest extent necessary to preserve its business and protect its copyrights. Plaintiff regularly attends and participates in a litany of court proceedings and hearings throughout the country. Plaintiff has taken multiple hundreds of cases deep into discovery and is heavily litigating at least a dozen cases that may go to trial within the next year or two. All of this information could be discovered by Defense Counsel, making Defendant's baseless *ad hominem* attacks particularly improper.

4

Ultimately, all of this is beside the point because none of this analysis has anything to do with the undue burden analysis of Rule 45. And, while Defendant may have a minimal privacy interest in his subscriber information, his exceedingly small interest does not confer standing to lodge a Rule 45(d)(3)(A)(iv) undue burden objection. To be sure, "the undue burden contemplated by Rule 45 is one placed on the direct recipient of the subpoena, the ISP in this case, not on third parties such as the Doe defendants." *CineTel Films, Inc. v. Does*, 853 F. Supp. 2d 545, 556 (D. Md. 2012). Courts repeatedly and uniformly "reject the assertion that the third-party subpoenas served on the ISPs would subject the John Does to undue burden. Notably, the subpoenas are addressed to third parties—the ISPs, not the John Does. The ISPs have not objected to the subpoenas, nor would any objection by them have much chance of success…." *Malibu Media, LLC v. Does*, 902 F.Supp.2d 690. 698 (E.D. Pa. 2012). "Defendant's argument that the subpoena presents an undue burden is unavailing because the subpoena is directed toward the ISPs and not the Doe Defendants and accordingly does not require them to produce any information or otherwise respond." *Malibu Media, LLC v. Doe*, No. WDQ-14-748, 2015 WL 857408, *6 (D. Md. Feb. 26, 2015). "The subpoenas served on the Doe Defendant's ISPs do not subject the Doe Defendants to an undue burden; if anyone may move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena." *Malibu Media, LLC v. Doe*, No. 1:15-cv-1342, 2015 WL 6758219, at *2 (N.D. Ohio Nov. 5, 2015). In short, it is very well-settled that doe defendants assigned internet connections that are used to violate copyright law <u>"have no standing to move to quash the subpoena that is issued to a third party, such as an ISP, on the basis of undue burden [because the Doe's privacy concerns] have no place within the undue burden calculus, as the burden of literal compliance with this subpoena falls to a third-party, Verizon</u>." *E.g.*, *Malibu Media, LLC v. Doe No. 4*, No. 12 Civ. 2950, 2012 WL 5987854,

5

*2 (S.D.N.Y. Nov. 30, 2012). *Accord Malibu Media, LLC v. Does*, No. 12-3896, 2012 WL 6203697, *4 (D. N.J. Dec. 12, 2012) (same); *Third Degree Films, Inc. v. Does*, No. 11-3007, 2012 WL 669055 at *3 (D. Md. Feb. 28, 2012) (same); *First Time Videos, LLC v. Does*, 276 F.R.D. 241, 250 (N.D. Ill. 2001) (same).

Even if Defendant had standing to complain—which he clearly does not—Plaintiff's significant interest in discovering Defendant's identity so that it may proceed with this action and protect and enforce its copyrights outweighs Defendant's slight interest in shielding his identity from Plaintiff. This is particularly so because "courts have consistently held that there is no expectation of privacy in Internet subscriber information because it has already been exposed to a third party, the Internet Service Provider." *E.g.*, *Malibu Media, LLC v. Does*, No. 1:12-cv-263, 2012 WL 6019259, *4 (N.D. Ind. Dec. 3, 2012). "Additionally, when there is an allegation of copyright infringement, an individual has no protected privacy interest in their name, address, phone number, e-mail address, or Media Access Control address. [The] argument that fulfilling the subpoena would invade [an internet subscriber's] privacy and jeopardize his identity is insufficient to quash the subpoena as [there is] no expectation of privacy in the identifying information the subpoena seeks from the ISP." *Id.*; *see also Raw Films, Ltd. V. John Does 1-15*, No. 11-7248, 2012 WL 1019067, *8 (E.D. Pa. Mar. 26, 2012) (holding that individuals who use the internet to illegally copy and distribute copyrighted material have a minimal expectation of privacy since they "have already voluntarily given up certain information by engaging in that behavior").

### B. Arguments That Go To The Merits Of Plaintiff's Complaint Have No Bearing On A Motion To Quash

Defendant's only other argument is that "the requested subpoena responses will not identify the actual infringer. It will only provide the identity of the person whose name was on

the account at the time of the alleged downloads." CM/ECF 16 at p. 18. Defendant explains: "It is very possible that the infringer was another householder member…." *Id.* Not unsurprisingly, this sort of argument has been raised on countless occasions and has nearly always been rejected. And rightfully so: arguments that attack the merits of Plaintiff's Complaint by denying ultimate liability have no bearing on a motion to quash. Courts repeatedly instruct that the possibility that an internet subscriber is not the actual infringer is <u>not</u> a sufficient basis for quashing a Rule 45 subpoena. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 13 C 8484, 2014 WL 1228383, *2 (N.D. Ill. Mar. 24, 2014) ("If Doe is contesting whether he actually downloaded files, such arguments go to the merits of the action and are not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit"); *TCYK, LLC v. Does*, No. 2:13-cv-539, 2013 WL 4805022, *4 (S.D. Ohio Sept. 9, 2013) ("[A]rguments related to the merits of the allegations are appropriately addressed in the context of a motion to dismiss or a motion for summary judgment, rather than on a motion to quash.").

Although Defendant is very likely the infringer, even if he is not, Defendant's identity remains relevant and discoverable. Defendant concedes that he allowed other people to use his Internet connection and knows the identities of the other members of his household. *See* CM/ECF 16 at p. 18. Thus, Defendant uniquely possesses information "necessary to allow Plaintiff to ascertain the infringer's true identity." *Malibu Media, LLC v. Doe*, No. 14-3945, 2015 WL 3795716, *2–4 (D. N.J. June 18, 2015). It is simply undisputable that Defendant's identity is necessary to allow Plaintiff to identify the appropriate defendant and to effectuate service of an Amended Complaint. "If any defendant could quash a subpoena based on the mere possibility that someone else has used the defendant subscriber's IP address to perpetuate the alleged infringement, then a plaintiff would be unable to enforce its rights." *Malibu Media,*

7

*LLC v. Does*, No. CIV.A. 12-07789 KM, 2014 WL 229295, at *9 (D. N.J. Jan. 21, 2014). Fundamentally, Defendant's denial of wrongdoing is premature at this pre-discovery stage and is <u>not</u> a legally cognizable basis to quash. *See* Fed. R. Civ. P. 45(d)(3).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Quash.

HEIT ERLBAUM, LLP

/s/ Brenna Erlbaum
BRENNA ERLBAUM, ESQ

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 24, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

/s/ *Brenna Erlbaum*
